**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Ralph BOWDEN, Defendant Below, Appellee.**

Supreme Court of Delaware.

Jan. 18, 1971.

Richard H. Schliem, III, Deputy Atty. Gen., Wilmington, for plaintiff below, appellant.

Jay H. Conner of Conner & Daley, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

This is an appeal by the State, taken by leave of Court under 57 Del.L. Ch. 133, § 101(2).[1] The question of law presented involves the lawfulness of a seizure of evidence incident to an apprehension which the police officer labeled a detention under the Two Hour Law, 11 Del.C. § 1902.[2]

### I.

The question presented arose in a grand larceny and conspiracy case. After the jury was sworn, the Trial Court went into a hearing on the defendant's motion to suppress certain evidence.

The police officer testified that at about 2:00 a. m., while patrolling a main highway, he noticed an automobile moving very slowly in the right-most lane with an expired registration tag; that the two occupants seemed to be acting furtively. The officer stopped the car which was being driven by the defendant. Upon pointing his flashlight into the vehicle, the officer saw 13 large coin boxes of the type used on coin-operated washing and drying machines. Many apartment houses are located in the area. The coin boxes were in open view and filled much of the front and back seat areas. No explanation was offered for the unusual cargo. The officer testified that at that point:

"I became suspicious due to the late hour which the subjects were out and the fact they had the coin boxes in the car. I suspected they might have committed a crime and leaving the scene, at

1. 57 Del.L. Ch. 133 provides:
"§ 101. Appeals by the State in criminal cases

"An appeal may be taken by the State from a lower court to an appellate court in the following instances:

"(1) Appeal as of right. The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or where the order is based on the lack of jurisdiction of the lower court over the person or subject matter.

"(2) Appeal in the discretion of the appellate court. The State may apply to the appellate court to permit an appeal to determine a substantial question of law or procedure, and the appellate court may permit the appeal in its absolute discretion. The appellate court shall have the power to adopt rules governing the allowance of such an appeal; but, in no event shall the decision or result of the appeal affect the rights of the defendant and he shall not be obligated to defend the appeal, but the Court may require the Public Defender of the State of Delaware to defend the appeal and to argue the cause; provided, however, that if the order appealed from is an order suppress-

ing or excluding substantial and material evidence the Court may permit an interlocutory appeal of any pre-trial order, and if the order suppressing such evidence is reversed, the defendant may be subjected to a trial.
"(3) The appeal or application for appeal shall be filed with the appellate court within 60 days from entry of the order appealed from."
\* \* \* \* \*
The procedures implementing this Act have been prescribed by Rule 5(10) Del. C.Ann. of this Court.

2. The Two Hour Law, being 11 Del.C. § 1902, provides:
"§ 1902. Questioning and detaining suspects.
"(a) A peace officer may stop any person abroad, or in a public place, who he has reasonable ground to suspect is committing, has committed, or is about to commit a crime, and may demand of him his name, address, business abroad, and where he is going.
"(b) Any person so questioned who fails to identify himself or explain his actions to the satisfaction of the officer may be detained and further questioned and investigated.
"(c) The total period of detention provided for by this section shall not exceed two hours. The detention is not an arrest and shall not be recorded as an arrest in any official record. At the end of the detention the person so detained shall be released or be arrested and charged with a crime."

which time they were placed under two hour detention for further investigation to determine under what circumstances they had the coin boxes in their possession, and I advised them of their right to remain silent and the right to have a lawyer."

The officer also testified as follows:

"THE COURT: Was there any inquiry as to where he lived?

"THE WITNESS: Yes, sir. I produced a new book and recorded the information as to their dates of birth and occupation, their addresses.

"THE COURT: Was this before or after they were placed under two-hour detention?

"THE WITNESS: This was after they were placed under two-hour detention.

"THE COURT: Had any inquiry been made as to what they were doing before they were placed under detention?

"THE WITNESS: No, sir. I immediately became suspicious when I saw the coin boxes in the car. At this point they were both placed under two hours.

"THE COURT: Was any inquiry made as to where they were going before they were placed under detention?

"THE WITNESS: No sir, not at all."

At the conclusion of the suppression hearing, the Trial Court ruled as follows:

"THE COURT: The Court is of the opinion that a statute is a statute and if we are going to require citizens to comply with them, we must also require our police officers to comply with them, and

the only way to place this man under detention was under the provisions of the law that I read. Those provisions were not complied with by the police officer and the Court herewith declares that the detention was illegal.

"The motion to suppress is granted."

Thereupon, the Trial Court held inadmissible in evidence the coin boxes and the statements taken during the apprehension; and the Court directed a verdict of acquittal and dismissed the jury upon the prosecutor's statement that he was unable to proceed with the trial without such evidence.

II.

It is our opinion that the Trial Court's suppression of the evidence was erroneous.

■ Under our law, a police officer, having suspicion that a felony has been committed, may apprehend without a warrant in one of two ways: (1) by a detention under the Two Hour Law, after compliance with the statutory requirements of that Statute; or (2) by an arrest, under 11 Del.C. § 1906(b),[3] whenever "he has reasonable ground to believe that the person to be arrested has committed a felony."

■ Viewed in the light of the totality of the surrounding circumstances, it seems clear that the police officer had reasonable ground to believe that the defendant had been involved in the commission of a felony; that, therefore, an arrest without a warrant under § 1906(b) was justified. It seems clear, too, that the defendant knew the cause of his apprehension. It follows that a lawful arrest was made, within the scope and meaning of § 1906(b), despite the officer's mislabeling of the apprehension as a detention under the

3.  11 Del.C. § 1906(b) provides:
    "(b) An arrest by a peace officer without a warrant for a felony, whether committed within or without the State is lawful whenever—
    "(1) he has reasonable ground to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed; or
    "(2) a felony has been committed by the person to be arrested although before making the arrest the officer had no reasonable ground to believe the person committed it."

Two Hour Law. The Trial Judge correctly held that a two hour detention was not lawfully made by the police officer because of his failure to comply with the clear requirements of the Two Hour Law. But, in our opinion, such failure and mislabeling did not invalidate an arrest otherwise lawful under § 1906(b).

. Accordingly, it is our opinion that the Trial Court erred in suppressing the evidence on the ground that it was procured as the result of an unlawful detention. The ruling should have been, in our view, that the evidence was admissible as having been obtained incident to a lawful arrest.

### III.

The defendant contends that the issue here presented is academic as to him because double jeopardy would be a complete defense to a retrial.

. We do not rule upon this question; we leave it for decision by the Trial Court if presented in defense to further proceedings there against this defendant. See United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1/25/71).

By this appeal, the State sought review of an interlocutory order of the Trial Court under § 101(2) of the new Act creating, for the first time in this jurisdiction, a right on the part of the State to appeal in criminal cases under certain terms and conditions. It is provided by § 101(2) that no decision in an appeal thereunder shall affect the rights of the defendant unless the appeal is from a "pre-trial order" suppressing substantial and material evidence. In such case the reversal of the suppression order may subject the defendant to a trial.

In the instant case, the order appealed was not a pre-trial order. It was made after the jury was sworn and after the trial had commenced. Therefore, the order appealed may not be within the exception created by § 101(2) and, consequently, this opinion may not affect the rights of the defendant in the instant case. We withhold ruling on this question, however, and leave it for consideration by the Trial Court, if presented in further proceedings there. In any event, this opinion will serve as a guideline for future cases, thus fulfilling one of the primary purposes of the new Act permitting appeals by the State. See State v. Clark, Del.Supr., 270 A.2d 371, 372 (1970).

■ It appears that the prosecutor vainly sought to have the Trial Court withhold the swearing of the jury until after the suppression hearing. For future reference, it is suggested that hearings and rulings on motion to suppress evidence be kept in a pre-trial status, insofar as may be practicable, in order that the State's right of review may not be thus impaired.

### IV.

This is not the first case to come before this Court recently, in which the police officer improperly labeled an arrest as a two hour detention, without compliance with the Two Hour Law.

■ We take the occasion to call to the attention of law enforcement officers the necessity of differentiating between an arrest and a detention. These two very different kinds of apprehension should not be commingled, as here, either in thinking or in practice. It is to be noted that the Two Hour Law expressly provides that a detention thereunder is not an arrest and shall not be recorded as such. If a detention is indicated by the circumstances, there must be strict compliance with the express requirements of the Two Hour Law. If an arrest is indicated by the circumstances, the suspect is entitled to know that he has been arrested and the cause therefor. An invalid arrest, made under the guise of a two hour detention, without strict compliance with the Two Hour Law, may give rise to two evils: it may violate important rights of the suspect; and it may result in an undue suppression of evidence, under controlling rules of law, with consequent acquittal of a guilty defendant. Both evils, of course, are to be avoided.