Andre THOMAS and Bernard
Johnson, Appellants,

v.

STATE of Delaware, Appellee.

Supreme Court of Delaware.

Submitted: Dec. 8, 1982.
Decided: May 12, 1983.
Revised: June 16, 1983.

Raymond J. Otlowski (argued), Asst. Public Defender, Wilmington, for appellants.

Timothy Barron (argued), Deputy Atty. Gen., for appellee.

Before HERRMANN, C.J., McNEILLY and HORSEY, JJ.

HORSEY, Justice:

These criminal appeals raise constitutional questions concerning the sufficiency of arrest warrants, standing to challenge search warrants and double jeopardy in sentencing. Defendants Andrew Thomas and Bernard Johnson were jointly tried and found guilty in two separate trials by jury in Superior Court of two robberies that occurred on the same day in Wilmington, Delaware.[1]

Defendants Thomas and Johnson were first tried in March, 1981 on charges of committing an armed robbery in mid-afternoon on October 24, 1980 of a Wilmington loan company office. In the course of the robbery, the office manager was shot and seriously wounded. Indicted for Attempted Murder First Degree, Robbery First Degree, Possession of a Deadly Weapon during the Commission of a Felony and Conspiracy Second Degree, defendants were each convicted of Assault in the First Degree, Robbery First Degree, Possession of a Deadly Weapon during the Commission of a Felony and Conspiracy Second Degree. They were each sentenced to a total of 49 years in jail.

In September, 1981, Thomas and Johnson were tried and convicted of Robbery First Degree and Conspiracy Second Degree for the robbery at approximately 7:00 p.m. on October 24, 1980 of a U-Haul store in Wilmington. Defendants were each sentenced to prison terms of 11 years, with the terms to begin on completion of their March, 1981 sentences.

I

At 2:30 p.m. on October 24, 1980, three armed black males, all wearing ski masks, robbed at gunpoint the Mortgage Service Corporation in Wilmington. After taking some $60 from the tellers, two of the masked men fled. The third robber, before departing, singled out and deliberately shot the elderly office manager, who was lying on the floor, in the chest at close range.

Within minutes the police arrived, obtained descriptions of the three gunmen, and shortly recovered a palmprint and fingerprint. In the meantime, an anonymous tipster had telephoned police headquarters identifying Johnson, Thomas, and Johnson's brother Sonny, also known as Wendell Husser, as the perpetrators of the robbery. A short time later the prints were analyzed and found to match those of Thomas and Johnson. By 5:00 p.m. that day, a police bulletin for the arrest of Thomas, Johnson and Husser had been broadcast and arrest warrants issued based on the fingerprint identification and the anonymous caller's information.

About 7:00 p.m. the same day, a U-Haul store in Wilmington was robbed by three black males who were also wearing ski masks. The store manager, a gun collector, described the pistol—which had been held to his head—as a small chrome-plated .25 caliber automatic believed to be manufactured by Raven Arms Corporation of California. Finger and palm prints found at the scene were also matched by the police to those of Thomas and Johnson.

About 7:45 the same day, Wilmington police set up a surveillance for the arrest of

---

1. With agreement of counsel, the two appeals were consolidated for purposes of oral argument and disposition because they contained issues and facts in common.

Thomas, Johnson and Husser outside a Wilmington dwelling house of a third party. The police were also on the lookout for a car belonging to Johnson's girlfriend. According to a second informant, Johnson often drove the car.

About 8:00 p.m. that night the car, a 1969 Volkswagen, was found parked behind the residence under surveillance and three black males were seen going to and from the car.

About 9:30 that evening the police observed four men leaving the house. When the men saw that they were being watched, the plainclothes police identified themselves. Thomas, Johnson and Husser ran back into the house. The fourth man did not attempt to flee and put up his hands. The police pursued the three back into the house. They found several people in the living room, including Thomas, who was seated on the couch. Johnson and Husser were found on the dwelling's roof top. All three were immediately placed under arrest. A search of the premises was deferred until a search warrant was obtained; a warrant was procured within an hour and the premises were then searched.

During the search, police recovered two .25 caliber automatic pistols which had been concealed behind the cushions of the living room couch where Thomas had been seated. One of the pistols was manufactured by Raven Arms. Both pistols were loaded; and one pistol was cocked. On the building's rooftop the police found a ski jacket containing an identification card of Thomas and a striped ski hat.

The police then procured a search warrant for the 1969 Volkswagen parked behind the house. The police found three knit ski caps within the vehicle.

2. See Appendix to Opinion for text of the arrest warrants in issue. The Trial Judge, in ruling upon defendant's motion to suppress evidence on the grounds that arrest warrants were defective, recognized their insufficiency and commented as follows:

## II

Of the numerous issues raised by defendants, the dispositive ones are: (1) whether the Trial Court abused its discretion in denying defendants' motion to suppress evidence seized under allegedly defective arrest and search warrants; (2) whether an erroneous jury instruction on flight was given; (3) whether the Court erred in denying defendants' motion for acquittal as to the Mortgage Service Corporation robbery; and (4) whether the Trial Court violated defendants' Fifth Amendment Double Jeopardy rights by individually sentencing defendants on all counts arising from the mortgage company robbery.

Defendants first contend that the evidence seized in the search of the third party's residence and of the automobile should be excluded as the product of an illegal arrest. Defendants contend the arrest was illegal because the arrest warrants were invalidly issued. They argue that the underlying affidavits do not provide a sufficient basis for a finding of probable cause. We agree, but for the reasons hereafter stated find the error to have been harmless.

■ For an arrest warrant to be valid, the issuing judicial officer must be presented with sufficient information to support an independent judgment that probable cause for the warrant exists. *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); *Caulk v. Municipal Court for the City of Wilmington,* Del.Supr., 243 A.2d 707 (1968).

It is clear that the affidavits in support of the warrants are insufficient as they merely set forth the charges against the defendants in a conclusory fashion. They provide no factual basis for a judicial determination of probable cause.[2] Both Article

"I think it is correct that these arrest warrants were invalid for the reason argued. It's also correct that it is the settled practice in Delaware not to include the actual facts in support of a probable cause finding in the arrest warrants, but I don't think that makes

I, § 6 of the Delaware Constitution and the Fourth Amendment of the United States Constitution provide that arrest warrants may be issued only upon a showing under oath of probable cause. *Caulk, supra,* at 708. The insufficiency of the affidavits renders the arrest warrants invalid.

■ However, a warrantless arrest is lawful if the arresting officer has probable cause to believe the suspect has committed a felony. 11 *Del.C.* § 1904(b)(1) provides:

An arrest by a peace officer without a warrant for a felony ... is lawful whenever (1) He has reasonable ground. to believe that the person to be arrested has committed a felony, whether or not a felony has in fact been committed.[3]

*See also Foraker v. State,* Del.Supr., 394 A.2d 208 (1978); *State v. Bowden,* Del. Supr., 273 A.2d 481 (1971).

■ The police had probable cause to arrest defendants based on the latent prints obtained at the scene of the loan office robbery. Those prints matched known inked fingerprint impressions of the defendants already possessed by the police. This was sufficient to give police reasonable grounds to believe that defendants had committed a felony and to justify their arrest without a warrant.[4]

Since the arrests were valid, Superior Court did not err in refusing to suppress items found in the search of the residence where defendants had taken temporary ref-

uge and in the automobile parked behind the residence. The items do not constitute fruits of an illegal arrest.

### III

■ Defendants' alternative ground for suppression of the evidence seized by the police in the house and automobile (two handguns, three ski caps and a ski jacket containing an identification card of Thomas and a shopping bag containing a ski cap) is that the affidavits supporting the search warrants failed to establish probable cause for issuance of the warrants, in violation of defendants' Fourth Amendment rights. *See Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Defendants contend that the judicial officer issuing the search warrant was not supplied with "sufficient information to support an independent judgment that probable cause exists for the warrant." *Whiteley v. Warden, Wyoming State Penitentiary,* 401 U.S. at 564, 91 S.Ct. at 1035. The warrants in question were directed to premises owned and occupied by a third party as well as to an automobile belonging to another party.

Because neither of the defendants claim any possessory or proprietary interest in either the house or the car that was searched, defendants clearly lack standing to attack the sufficiency of the search war-

---

it correct. I think it's been incorrect for a long time."

The State also concedes the impropriety of the Municipal Court practice. Although we uphold Superior Court's refusal to suppress evidence on other grounds, discussed hereinafter, we cannot condone any breach of constitutional requirements for the issuance of arrest warrants and hereby direct the Municipal Court to take remedial action forthwith.

3. "Reasonable grounds" as used in 11 *Del.C.* § 1904 has been interpreted as meaning "probable cause." *See United States ex rel. Mealey v. Delaware,* D.Del., 352 F.Supp. 349 (1972).

4. Police may not make a warrantless entry into a home to effect an arrest absent exigent circumstances. *Payton v. New York,* 445 U.S.

573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). The police do, however, have the right to make a warrantless arrest of a suspect in a private place upon probable cause. *United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Moreover, when an arrest has been set in motion in a public place, the defendants' retreat into a private place does not thwart an otherwise valid warrantless arrest. *United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976).

When the police first sought to arrest defendants, they were on a public sidewalk. Defendants, in an attempt to elude them, bolted back into the residence. Police entered the residence in "hot pursuit" of the defendants. Therefore, the warrantless entry into the home did not vitiate the arrest which was based upon probable cause.

rants. The prevailing rule of standing was enunciated by the United States Supreme Court in *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421; 58 L.Ed.2d 387 (1978). The Court in *Rakas* stated that:

> Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted. A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections.
>
> 439 U.S. at 133–4, 99 S.Ct. at 425 (internal citations omitted).

The Supreme Court held that a proponent of a motion to suppress has standing to contest the legality of a search and seizure only if he can assert either a property or a possessory interest in the areas searched on the property seized and if he can show a legitimate expectation of privacy in the areas searched. *Rakas, supra,* at 148, 99 S.Ct. at 433. *See also Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Brown v. United States,* 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973).

Defendants assert neither a possessory nor a property interest in the residence or in the automobile. They have also failed to show that they had a legitimate expectation of privacy in the areas searched. As casual visitors, it can hardly be argued that defendants had a legitimate expectation of privacy in the third parties' residence or automobile. *See Rakas, supra,* 439 U.S. at 142, 99 S.Ct. at 429. Therefore, defendants lack standing to contest the search and seizure of the evidence in question on Fourth Amendment grounds; and we do not reach the State's other grounds for upholding the Trial Court's denial of defendant's suppression motion.

## IV

■ Thomas and Johnson also contend that the Trial Court erred in giving a jury instruction on flight for insufficiency of the evidence to support such a charge. A flight instruction is proper where there is evidence of flight or concealment *and* the evidence reasonably supports an inference that defendant fled because "of a consciousness of guilt and a desire to avoid an accusation based thereon, or for some other reason...." *Tice v. State,* Del.Supr., 382 A.2d. 231, 233 (1977); *Scott v. United States,* D.C.App., 412 A.2d 364 (1980); 23A C.J.S. Criminal Law § 1220 (1961); 75 Am.Jur.2d *Trial* § 788 (1974).

■ Claiming that their flight from the plainclothes policemen occurred several hours after the loan office robbery, defendants argue that it may not be inferred that their flight was connected with the crime or is evidence of consciousness of guilt. There is no merit to defendants' contention.

The record evidence reasonably supports the inference that defendants fled because they recognized the approaching plainclothesmen as police. Indeed, one of the police witnesses so testified. He further testified that when they were spotted, defendant Thomas jumped behind defendant Johnson and stuck his hand in his pocket in a manner suggesting an intent to draw a weapon. When one of the policemen drew his service revolver and shouted, "Halt, Police", defendants turned and ran back into the building that they had just left. The police then immediately pursued defendants into the building.

The evidence is patently sufficient to support an instruction on flight. Defendants' conduct evidenced not only flight but also supported a rational inference of consciousness of guilt. Hence, the Trial Court did not err in giving a jury instruction on flight.

## V

■ Defendants also contend that the loan office robbery indictment was fatally

defective for failure of the State to make express reference to 11 *Del.C.* § 271. 11 *Del.C.* § 271 makes a person guilty of an offense committed by another person when:

> (2) Intending to promote or facilitate the commission of the offense he: . . . (b) Aids, counsels, or agrees or attempts to aid the other person in planning or committing it. . . .

Defendant argues that the conspiracy indictment is fatally deficient in that while defendants Johnson and Thomas were named as co-defendants, they were never indicted as conspirators each with the other so as to be subject to liability under 11 *Del.C.* § 271. Defendants also argue that because the conspiracy count failed to explicitly include Husser, defendants could not be convicted of conspiracy.

We find no merit to defendants' argument with respect to § 271. Defendants cite no authority for their position, and we have found none.

Each defendant was properly indicted under 11 *Del.C.* § 531 and 11 *Del.C.* § 832 for Attempted Murder in the First Degree and Robbery in the First Degree and each was sufficiently informed of the nature and elements of the charges against him. *Klase v. State,* Del.Supr., 346 A.2d 160 (1975).

As to defendants' claims regarding the conspiracy charge contained in the indictment, the record shows that this issue was not raised below. Therefore, it is barred on appeal by Supreme Court Rule 8.

## VI

Defendants' final contention is that the Trial Judge erred as a matter of law in separately sentencing them on the three counts of Robbery First Degree, Possession of a Deadly Weapon and Assault First Degree arising from the loan office robbery.

Defendants contend that Possession of a Weapon during Commission of a Felony, 11 *Del.C.* § 1447, and the underlying felony of Robbery in the First Degree, 11 *Del.C.* § 832, are always the "same" offense for sentencing purposes and that imposition of separate sentences violated the Double Jeopardy Clause of the Fifth Amendment.

Such sentencing is proper under *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) and the decisions of this Court effectuating the United States Supreme Court's ruling. *Hunter v. State,* Del.Supr., 430 A.2d 476 (1981); *Evans v. State,* Del.Supr., 430 A.2d 481 (1981). "Where the General Assembly intended . . . to impose multiple punishments for two offenses not satisfying the *Blockburger* test, imposition of two consecutive sentences by a court as a result of a single criminal trial does not violate the Double Jeopardy Clause of the Fifth Amendment." *Hunter,* 430 A.2d at 481.

\* \* \*

Affirmed.

# APPENDIX

W.P.D. CASE NO.:80-6569

## IN THE MUNICIPAL COURT
## FOR THE CITY OF WILMINGTON

W/S 38379

| Complainant: Det. Robert Partlow | | Defendant: Ricky S. Thomas | | | | |
|---|---|---|---|---|---|---|
| Address: 1000 King Street Wilmington, DE | | Address: | | | | |
| Dept./Agency: WPD/Det. Div. | | Race B | Sex M | Date of Birth 8/24/58 | Empl./Other | |
| Cross Complaint: Yes ☐ No ☐ | Hearing Date for Cross Cross Complaint: | Height 5'7" | Weight 140 | Eyes BRN | Hair BLK | Marks or Other |

Upon oath says that, to the best of [his] [xxxx] knowledge, information, and belief, the named defendant on or about the \_\_\_\_24th\_\_\_\_ day of \_\_\_\_October\_\_\_\_ A.D. 19 80\_\_ in the City of Wilmington, Delaware, did unlawfully and wilfully commit a [felony] [xxxxxxxxxx]*; to wit: ROBBERY FIRST DEGREE: did then-and-there-at 500 W. 11th Street, while in the course of committing theft, did use immediate use of force upon another person, to prevent resistance to the taking of property and in the xxxxxx course of the commission of said crime he did cause physical injury to another person who xxxx was not a participant of said crime, in that, he did compel one J. Edwin Rutledge to deliver up $50.00 U.S.C. and did cause serious physical injury to J. Edwin Rutledge by shooting him in the chest with a handgun.

in violation of and contrary to:
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx [the Laws of the State of Delaware; to wit: Title \_\_\_11\_\_\_ Section \_\_\_832\_\_\_ of the Delaware Code of 1974]* as amended, and against the peace and dignity of the State.

Before me _____A.D. 19 80
JUDGE/COURT COMMISSIONER

Witness J. Edwin Rutledge

### WARRANT/SUMMONSXX

City of Wilmington
New Castle County    SS. State of Delaware

To the Chief of Police of the City of Wilmington or any Constable for the State of Delaware

WHEREAS, the foregoing complaint having been made before me in the manner and form aforesaid: These are, therefore, in the name of the State of Delaware to require and command you to forthwith [apprehend] [xxxxxxxx]* the said:

Ricky S. Thomas

to appear before the Judges of the Municipal Court for the said City of Wilmington at the Public Building, 10th and King Streets, Wilmington, Delaware [xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx to answer the foregoing complaint and further to be dealt with as the Law directs. And you are likewise required to summon the Complainant to appear and give evidence, relative to the subject matter of the said complaint; and have you then and there this Writ.

WITNESS, the Honorable Alfred Fraczkowski, at Wilmington the 6th day of \_\_\_\_October\_\_\_\_ A.D. 19 80.

_____
JUDGE/COURT COMMISSIONER

Issued: October 24th A.D. 19 80 Return Date: October 25th A.D. 19 80.

[*Strike inapplicable language]

ORIGINAL

**W.P.D. CASE NO.: 80=65895**

## IN THE MUNICIPAL COURT
## FOR THE CITY OF WILMINGTON

W/S 38376

| Complainant: Rober PArtlow | Defendant: Bernard Johnson |
|---|---|
| Address: WPD. | Address: 103 N. Connell St. W. lm. De |

| | | Race | Sex | Date of Birth | Empl./Other |
|---|---|---|---|---|---|
| Dept./Agency | | B | M | 4-7-56 | |

| Cross Complaint: Yes ☐  No ☐ | Hearing Date for Cross Cross Complaint: | Height | Weight | Eyes | Hair | Marks or Other |
|---|---|---|---|---|---|---|

Upon oath says that, to the best of [his] [her] knowledge, information, and belief, the named defendant on or about the ___24th___ day of ___OCtober___ A.D. 19-80— in the City of Wilmington, Delaware, did unlawfully and wilfully commit a [felony] [misdemeanor]*; to wit: ROBBERY 1st DEGREE: did then and there at 500 W. 10th St. while armed with a handgun did take from one J.E. Rhrlidge $50, and did cause physical injury to J. E. Ratlidge by shooting him in the chest/

*C-80-10-1232*

in violation of and contrary to:
~~[an Ordinance of the City of Wilmington; to wit; Section xxxxxxxxxxxxxxx of the Wilmington City Code]~~
[the Laws of the State of Delaware; to wit: Title___11___ Section___832___ of the Delaware Code of 1974]*
as amended, and against the peace and dignity of the State.

Sworn to and subscribed this ___24th___ day of ___OCtober___ A.D. 19 80

Before me_____ JUDGE/COURT COMMISSIONER

Witnesses: G. McGuirk cc

J.E. Ratlidge, 500 W. 10th St., WIlm., Del.

### WARRANT/~~SUMMONS~~

City of Wilmington
New Castle County    SS. State of Delaware

*To the Chief of Police of the City of Wilmington or any Constable for the State of Delaware*

WHEREAS, the foregoing complaint having been made before me in the manner and form aforesaid: These are, therefore,. in the name of the State of Delaware to require and command you to forthwith [apprehend] [xxxxxx]* the said:

Bernard JOhnson

to appear before the Judges of the Municipal Court for the said City of Wilmington at the Public Building, 10th and King Streets, Wilmington, Delaware [at 8:45 A.M. xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx]* to answer the foregoing complaint and further to be dealt with as the Law directs. And you are likewise required to summon the Complainant to appear and give evidence, relative to the subject matter of the said complaint; and have you then and there this Writ.

WITNESS, the Honorable Alfred Fraczkowski, at Wilmington the ___6th___ day of ___OCtober___ A.D. 19 80.

_____ JUDGE/COURT COMMISSIONER

Issued: Oct. 24 , A.D. 1980    Return Date: Nov. 24 A.D. 19 80.

[*Strike inapplicable language]

ORIGINAL

W.P.D. CASE NO.: 80-6589

## IN THE MUNICIPAL COURT
## FOR THE CITY OF WILMINGTON

W/S 38380

| Complainant: | | Defendant: | | | | |
|---|---|---|---|---|---|---|
| Det. Robert Partlow | | Ricky S. Thomas | | | | |
| Address: | | Address: | | | | |
| 1000 King Street | | | | | | |
| Wilmington, DE | | | | | | |
| Dept./Agency | | Race | Sex | Date of Birth | Empl./Other | |
| WPD/Det. Div. | | B | M | 8/24/58 | | |
| Cross Complaint: Yes ☐ No ☐ | Hearing Date for Cross Cross Complaint: | Height 5'7" | Weight 140 | Eyes BRN | Hair BLK | Marks or Other |

Upon oath says that, to the best of [his] [her] knowledge, information, and belief, the named defendant on or about the ___24th___ day of ___October___ A.D. 19_80_ in the City of Wilmington, Delaware, did unlawfully and wilfully commit a [felony] [misdemeanor]; to wit: ATTEMPT TO COMMIT A CRIME: TO WIT: MURDER IN THE FIRST DEGREE: did then and there at 500 W. 11th Street, attempt to commit a crime; to wit; Murder in the First Degree, in the course of and in furtherance of the commission of a Felony, to wit; Robbery in the First Degree, did shoot one J. Edwin Rutledge in the chest with a handgun.

in violation of and contrary to:
~~[XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX]~~
[the Laws of the State of Delaware; to wit: Title __11__ Section __531__ of the Delaware Code of 1974] as amended, and against the peace and dignity of the State.

Sworn to and subscribed this 24th day of ___October___ A.D., 19_80_ } Det. Robert Partlow

Before me _____
JUDGE/COURT COMMISSIONER

Witness: J. Edwin Rutledge _____

### WARRANT/SUMMONS

City of Wilmington
New Castle County     SS. State of Delaware

To the Chief of Police of the City of Wilmington or any Constable for the State of Delaware

WHEREAS, the foregoing complaint having been made before me in the manner and form aforesaid: These are, therefore, in the name of the State of Delaware to require and command you to forthwith [apprehend] [summon] the said:

Ricky S. Thomas

to appear before the Judges of the Municipal Court for the said City of Wilmington at the Public Building, 10th and King Streets, Wilmington, Delaware XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX ] to answer the foregoing complaint and further to be dealt with as the Law directs. And you are likewise required to summon the Complainant to appear and give evidence, relative to the subject matter of the said complaint; and have you then and there this Writ.

WITNESS, the Honorable Alfred Fraczkowski, at Wilmington, this 24th day of ___October___ A.D. 19_80_.

_____
JUDGE/COURT COMMISSIONER

OCT 24 12 15 PM 1980

Issued: ___October 24th___ A.D. 19_80_ Return Date: ___October 25th___ A.D. 19_80_.

[*Strike inapplicable language]

ORIGINAL

**W.P.D. CASE NO.:** 80-65895

# IN THE MUNICIPAL COURT
## FOR THE CITY OF WILMINGTON

**W/S 38374**

| Complainant: R. Partlow, WPD | Defendant: Bernard Johnson |
|---|---|
| Address: | Address: 103 W. Connell St. W. Im. De |
| Dept./Agency | Race B | Sex M | Date of Birth 4-7-56 | Empl./Other |
| Cross Complaint: Yes ☐ No ☐ | Hearing Date for Cross Cross Complaint: | Height | Weight | Eyes | Hair | Marks or Other |

Upon oath says that, to the best of [his] [her] * knowledge, information, and belief, the named defendant on or about the ____24th____ day of ____October____ A.D. 19__80_ in the City of Wilmington, Delaware, did unlawfully and wilfully commit a [felony]. [misdemeanor] * to wit: CONSPIRACY FIRST DEGREE, to wit: did then and there at 500 W. 10th St. agree with another to engage in conduct which constituted a class A felony, Attempted Murder First Degree

*C-80-10-1235*

in violation of and contrary to:
[an Ordinance of the City of Wilmington XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX [the Laws of the State of Delaware; to wit: Title____11____ Section____513____ of the Delaware Code of 1974] * as amended, and against the peace and dignity of the State.

Sworn to and subscribed this 24th day of October A.D. 19 80

Before me _____ XXXXE/COURT COMMISSIONER

Witnesses: G. McGurk, WPD

J.E. Rutledge _____ 500 W. 10th St, Wln. De

WARRANT/SUMMONS*

City of Wilmington
New Castle County SS. State of Delaware

To the Chief of Police of the City of Wilmington or any Constable for the State of Delaware

WHEREAS, the foregoing complaint having been made before me in the manner and form aforesaid: These are, therefore, in the name of the State of Delaware to require and command you to forthwith [apprehend] [summon] * the said:

____Bernard Johnson____

to appear before the Judges of the Municipal Court for the said City of Wilmington at the Public Building, 10th and King Streets, Wilmington, Delaware [at XXXX M. XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX]* to answer the foregoing complaint and further to be dealt with as the Law directs. And you are likewise required to summon the Complainant to appear and give evidence, relative to the subject matter of the said complaint; and have you then and there this Writ.

WITNESS, the Honorable Alfred Fraczkowski, at Wilmington the____6th____ day of____October____ A.D. 19__80__.

_____ JUDGE/COURT COMMISSIONER
XXXX

Issued: October 24 A.D. 19 80 Return Date: November 28 A.D. 19 80.

*Strike inapplicable language]

ORIGINAL

W.P.D.: CASE NO. 80-6587 IN THE MUNICIPAL COURT
FOR THE CITY OF WILMINGTON   W/S 38375

| Complainant: Robert PArtlow | Defendant: Bernard Johnson |
|---|---|
| Address: WPD | Address: 103 N. Connell St. Wilm., Del. |
| Dept./Agency | Race: B · Sex: M · Date of Birth: 4-7-56 · Empl./Other |
| Cross Complaint: Yes ☐ No ☐ · Hearing Date for Cross Cross Complaint: | Height · Weight · Eyes · Hair · Marks or Other |

Upon oath says that, to the best of [his] [her] * knowledge, information, and belief, the named defendant on or about the_____24th_____ day of_____October_____A.D. 19_80___ in the City of Wilmington, Delaware, did unlawfully and wilfully commit a [felony] [misdemeanor] *; to wit:   ATTEMPTED XXMURDER 1ST DEGREE: did then and there at 500 W. 10th St. attempt to commit the crime of murder by intentionally discharging a handgun striking one J.E. Ratlidge in the chest

C-80-10-1233

In violation of and contrary to:
[an Ordinance of the City of Wilmington: to wit: Section xxxxxxxxxxxxxxxx of the Wilmington City Code]
[the Laws of the State of Delaware; to wit: Title____11____ Section____531____ of the Delaware Code of 1974] * as amended, and against the peace and dignity of the State.

Sworn to and subscribed this 24th day of _____October_____A.D. 19 80

Before me _____ JUDGE/COURT COMMISSIONER

Witnesses: _____

_____

---

### WARRANT/SUMMONS*

City of Wilmington
New Castle County   SS. State of Delaware

To the Chief of Police of the City of Wilmington or any Constable for the State of Delaware

WHEREAS, the foregoing complaint having been made before me in the manner and form aforesaid: These are, therefore, in the name of the State of Delaware to require and command you to forthwith [apprehend] [summon] * the said:

Bernard Johnson

to appear before the Judges of the Municipal Court for the said City of Wilmington at the Public Building, 10th and King Streets, Wilmington, Delaware [at 8:15 A.M. xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx ] *to answer the foregoing complaint and further to be dealt with as the Law directs. And you are likewise required to summon the Complainant to appear and give evidence, relative to the subject matter of the said complaint; and have you then and there this Writ.

WITNESS, the Honorable Alfred Fraczkowski, at Wilmington the____6th____ day of_____October A.D. 19 80____.

_____
JUDGE/COURT COMMISSIONER

Issued: ____Oct. 24____A.D. 19_80_ Return Date: ____Nov. 24th____A.D. 19 80.

(*Strike inapplicable language)

ORIGINAL

W.P.D. CASE NO.:80-065895

**IN THE MUNICIPAL COURT
FOR THE CITY OF WILMINGTON**

W/S 38381

| Complainant: | | Defendant: | | | | | |
|---|---|---|---|---|---|---|---|
| Det. Robert Partlow | | Ricky S. Thomas | | | | | |
| Address: 1000 King Street | | Address: | | | | | |
| Wilmington, DE | | | | | | | |
| Dept./Agency WPD/Det. Div. | | Race B | Sex M | Date of Birth 8/24/58 | | Empl./Other | |
| Cross Complaint: Yes ☐ No ☐ | Hearing Date for Cross Cross Complaint: | Height 5'7" | Weight 140 | Eyes brn | Hair blk | Marks or Other | |

Upon oath says that, to the best of [his] [km]x knowledge, information, and belief, the named defendant on or about the 24th day of October A.D. 1980 in the City of Wilmington, Delaware, did unlawfully and wilfully commit a [felony] [misdemeanor] *; to wit: CONSPIRACY FIRST DEGREE: did then and there at 500 W. 11th Street, agree with another person to engage in conduct which constituted a Class "A" Felony, to wit; Attempted Murder in the First Degree.

*in violation of and contrary to:*
[xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx]
[the Laws of the State of Delaware; to wit: Title 11 Section 513 of the Delaware Code of 1974] * as amended, and against the peace and dignity of the State.

Sworn to and subscribed this 24th day of October A.D., 19 80

Before me _____ JUDGE/COURT COMMISSIONER

Witness: J. Edwin Rutledge

**WARRANT/SUMMONS**

City of Wilmington
New Castle County    SS. State of Delaware

*To the Chief of Police of the City of Wilmington or any Constable for the State of Delaware*

WHEREAS, the foregoing complaint having been made before me in the manner and form aforesaid: These are, therefore, in the name of the State of Delaware to require and command you to forthwith [apprehend] [summon] * the said:
Ricky S. Thomas

to appear before the Judges of the Municipal Court for the said City of Wilmington at the Public Building, 10th and King Streets, Wilmington, Delaware [xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx] to answer the foregoing complaint and further to be dealt with as the Law directs. And you are likewise required to summon the Complainant to appear and give evidence, relative to the subject matter of the said complaint; and have you then and there this Writ.

WITNESS, the Honorable Alfred Fraczkowski, at Wilmington, the 6th day of October A.D. 19 80.

_____ JUDGE/COURT COMMISSIONER

Issued: October 24th A.D. 19 80 Return Date October 25th A.D. 19 80.

(*Strike inapplicable language)

ORIGINAL