■ The People of the State of New York, Appellant, v Thomas McDowell, Respondent. [683 NYS2d 356] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: The People appeal from an order dismissing the indictment charging defendant with burglary in the third degree (Penal Law § 140.20), criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and petit larceny (Penal Law § 155.25). Shortly after that appeal, the People submitted exhibits that had not been submitted in opposition to defendant's motion to dismiss the indictment. County Court reconsidered its prior determination and, after reconsideration, adhered to its determination. Although the appeal should have been taken from the order

made after reconsideration, we exercise our authority to treat the People's appeal as taken from the subsequent order (*see,* CPL 460.10 [6]; *People v Popolo,* 31 AD2d 761).

The court dismissed the indictment on the ground that the fingerprint evidence was insufficient to establish, prima facie, that defendant committed the crimes for which he was indicted because the window area was generally accessible to the public. That was error (*see, Thomas v State,* 467 A2d 954, 957 [Del]; *cf., People v Devine,* 98 Ill App 3d 914, 920, 424 NE2d 823, 828, *cert denied* 458 US 1109). The evidence established that the burglar unlawfully entered the premises, a restaurant, by breaking the bottom portion of a narrow floor-level window next to the main entrance. The fingerprint was lifted from a glass fragment found inside the restaurant. Under the circumstances, the evidence before the Grand Jury was legally sufficient, i.e., it established a prima facie case (*see, People v Swamp,* 84 NY2d 725, 730). (Appeal from Order of Monroe County Court, Marks, J.—Dismiss Indictment.) Present— Green, J. P., Pine, Wisner, Balio and Boehm, JJ.