IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALLEN FAIR, | § | |
| | § | |
| Defendant Below, | § | No. 317, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1409020082 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 11, 2015
Decided: November 9, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

## **O R D E R**

This 9th day of November 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)    On June 9, 2015, the appellant, Allen Fair, was found guilty after a bench trial of Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP"). Fair was sentenced to a total of ten years of Level V incarceration, suspended after three years for two years of Level III probation. This is Fair's direct appeal.

(2)    On August 26, 2015, counsel for Fair filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a

complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Fair of the provisions of Rule 26(c) and provided Fair with a copy of the motion to withdraw and the accompanying brief.

(3) Counsel also informed Fair of his right to identify any points he wished this Court to consider on appeal. Fair has raised several issues for this Court's consideration. The State has responded to the issues raised by Fair and moved to affirm the Superior Court's judgment.

(4) When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) The following evidence was presented at trial. On September 26, 2014, Officer David Ham of the Wilmington Police Department responded to a radio dispatch for shots fired in the area of Fifth and Washington Street and Fifth and West Street. When Officer Ham arrived on the scene, he learned that Fair was involved in an altercation and fired shots. The next day Officer Ham checked for

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

Fair's name in law enforcement computer systems. A 417 West Street address and Newark address appeared for Fair in the computer systems.

(6) Officer Ham and other officers went to the 417 West Street address. When they knocked on the door, it opened and they saw Fair standing on the second floor. The officers confirmed that it was Fair and took him into custody. The officers conducted a search of the apartment and found a loaded .38 revolver wrapped in a white sock on a shelf. In a drawer near the shelf, the officers found live .38 caliber rounds and a spent .38 round. Court paperwork with Fair's name was also found in the apartment.

(7) In a statement he gave after receiving the information required by *Miranda*, Fair admitted that the gun belonged to him. Fair's description of the gun and ammunition matched the gun and ammunition found during the search. Fair's description of the location of the gun and ammunition also matched where those items were found. During the interview, Fair stated that he lived at an address in Newark. On cross-examination, Office Ham testified that there was no fingerprint or DNA evidence for the gun. Officer Ham also testified that the police did not determine who owned the building at 417 West Street.

(8) Before trial, Fair moved to suppress his statement to the police, arguing that the statement should be excluded under Delaware Rule of Evidence 404(b) because he admitted that he fired the gun the night before he was arrested.

3

After hearing the parties' arguments and considering the criteria set forth in *Getz v. State*,[2] the Superior Court denied the motion. At the close of the State's evidence at trial, Fair moved for a judgment of acquittal on the PABPP charge. The Superior Court denied the motion.

(9) The parties stipulated that Fair was a person prohibited from possessing a gun or ammunition. During the Superior Court's colloquy with Fair about his right to testify, Fair expressed concern to his counsel about the search of 417 West Street. Counsel informed the Superior Court that he had discussed the search and a possible motion to suppress with Fair and decided that there was no good faith basis for a motion to suppress because Fair was identified as the person who fired the gun, he was on probation, and the 417 West Street address appeared in his probation records. The Superior Court informed Fair that the issue before it was Fair's right to testify, not the suppression of evidence. Fair elected not to testify. The Superior Court found Fair guilty of PFBPP and PABPP.

(10) Fair's arguments on appeal may be summarized as follows: (i) the police officers did not have a warrant to search 417 West Street; and (ii) there was insufficient evidence to support his convictions because there was no fingerprint or DNA evidence tying him to the gun, there was no proof that he lived at 417 West Street, and the gun was found in someone else's apartment and did not belong to

---

[2] 538 A.2d 726, 734 (Del. 1988) (setting forth the guidelines a court should consider in deciding whether to admit evidence of other crimes).

4

him.   As to the first claim, Fair did not file a motion to suppress the evidence discovered at 417 West Street.  Our review of this claim is therefore limited to plain error.[3]   "[P]lain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[4]

(11)   There is no plain error here.  First, probation officers may conduct a warrantless search of a probationer's residence as long as the search is supported by reasonable suspicion.[5]  The record reflects that Fair was identified as the person involved in the discharge of shots, his name appeared with the 417 West Street address in law enforcement computer systems, he was on probation, and probation officers were involved in the search of 417 West Street.  Thus, the probation officers had reasonable suspicion to conduct the search.  Second, if Fair had nothing to do with the apartment where the gun was found as he claims, then he lacked standing to contest the search.[6]

(12)   Fair's sufficiency of evidence claim is also without merit.   In reviewing Fair's sufficiency of the evidence claim, we must determine whether any rational trier of fact, considering the evidence in the light most favorable to the

---

[3] Supr. Ct. R. 8.
[4] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[5] *Sierra v. State*, 958 A.2d 825, 828 (Del. 2008); *Donald v. State*, 903 A.2d 315, 319 (Del. 2006).
[6] *Rakas v. Illinois*, 439 U.S. 128, 148 (1978); *Thomas v. State*, 467 A.2d 954, 957-58 (Del. 1983).

State, could find the defendant guilty beyond a reasonable doubt.[7]  The parties stipulated that Fair was a person prohibited from owning a gun or ammunition. Fair admitted to the police that he owned the gun and ammunition.  Fair described the caliber of the gun, where he kept the gun and ammunition, and how he kept the gun wrapped in a sock.  There was more than sufficient evidence for a rational trier of fact to convict Fair of PFBPP and PABPP.

(13)   This Court has reviewed the record carefully and has concluded that Fair's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Fair's counsel has made a conscientious effort to examine the record and the law and has properly determined that Fair could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[7] *Williamson v. State*, 113 A.3d 155, 159 (Del. 2015); *Robertson v. State*, 596 A.2d 1345, 1355 (Del. 1991).