## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                               )
         Plaintiff,      )
                               )
                               )
v.                       )    Cr. ID. No. 1502008739
                               )
                               )
DERRICK CARROLL,      )
                               )
         Defendant.    )

Submitted: February 15, 2018
Decided: March 6, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED AND THE MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED

Barzilai K. Axelrod, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Derrick Carroll, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

**MAYER,** Commissioner

Defendant, Derrick Carroll, was convicted of Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP"). The charges stem from searches of Defendant's hotel room at the Rodeway Inn on February 12, 2015 and February 13, 2015.[1] During the second search, officers located a revolver in a suitcase (that was later identified as belonging to Defendant), and a black bag containing ammunition (that was on the bed which was confirmed by Defendant to be the bed he had been using). Defendant vigorously contested the charges at trial and on appeal. The trial court denied a Motion for Judgment of Acquittal,[2] the jury entered a verdict of guilty on these charges,[3] and the Supreme Court affirmed the conviction.[4] Defendant has now presented a *pro se* Motion for Postconviction Relief and a Motion for Appointment of Counsel. After reviewing the record before the Court and in consideration of the arguments presented by Defendant, I believe that no further briefing is necessary.

---

[1] The facts set forth herein were taken from the decision of the Supreme Court of Delaware, Case No. 198, 2016, Filing ID 60390302, dated March 27, 2017, and also found at D.I. # 43 in this case.

[2] D.I. # 20.

[3] *Id.*

[4] D.I. # 43. This Court also denied Defendant's Petition for a Writ of Habeas Corpus. *See* D.I. # 28.

1

## Defendant's Motion for Postconviction Relief

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[5] Defendant's first motion, having been filed within one year of the Supreme Court's Mandate on direct appeal, is timely.[6] However, pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[7]

Defendant has asserted four bases for relief including: (1) Police officers violated his Fourth Amendment rights when they requested hotel registries without a warrant or subpoena; (2) trial counsel failed to move for a suppression hearing; (3) video surveillance of the hotel "Rodeway Inn" was not produced; and (4) violation

---

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[6] Super. Ct. Crim. R. 61(m)(2) and Super. Ct. Crim. R. 61(i)(1).

[7] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

of a speedy trial. Each of the claims presented are wholly without merit and/or are procedurally barred.

Defendant's claim regarding the video surveillance can be easily dismissed. The record clearly demonstrates that on June 30, 2015, as part of an ongoing discovery production, the State produced 1 CD containing the "Rodeway Inn Surveillance Video."[8] Therefore, the video surveillance was in fact produced to the defense, and if not, Defendant's argument was waived when not raised in the trial proceedings.

With respect to Defendant's claim that his right to a speedy trial was violated, this claim was already adjudicated and/or was waived. First, the record reflects that the case was accepted by the Superior Court on March 18, 2015 after Defendant was arrested on March 10, 2015.[9] Defendant filed a Motion to Dismiss on May 12, 2015.[10] That motion was passed as the case was to be presented to the Grand Jury around that time. On June 22, 2015, the Indictment was issued.[11] The Motion to Dismiss was then ruled "moot" in light of the Indictment.[12] Defendant did not

---

[8]   *See* D.I. # 7.

[9]   D.I. # 1.

[10]   D.I. # 3.

[11]   D.I. # 6.

[12]   D.I. # 4.

3

challenge the ruling either through the trial court process or on appeal. As a result, this claim was not only already adjudicated and is therefore barred by Super. Ct. Crim. R. 61(i)(4) but this claim was also waived for having not been presented on appeal.

Defendant's remaining two arguments appear intertwined. Although Defendant provides no explanation for his claim that trial counsel should have pursued a suppression hearing, presumably this claim is tied to his first argument that his rights were violated when the hotel registry was offered into evidence without a warrant or subpoena.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[13] When reviewing such a claim, the Court must analyze counsel's conduct based upon all of the facts of the case and avoid peering through the lens of hindsight.[14] Defendant must show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth

---

[13] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[14] *State v. Wright*, 653 A.2d 288, 295 (Del. Super., 1994).

Amendment.[15]  "A defense attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[16]  Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[17]  Further, in order to prevail on an ineffective assistance of counsel claim, a defendant must show that but for the errors, there is a reasonable probability that the outcome of the proceedings would have been different.[18] Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[19]

A defendant may only assert a violation of his Fourth Amendment rights if he has standing to protest the evidence presented and only if he can claim a possessory or proprietary interest in the area searched.[20]  "A person who is aggrieved by an

[15] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

[16] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012) (holding defense counsel provided active and capable advocacy when evidence against Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S.Ct. 770, 787-792 (2011)).

[17] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[18] *Strickland*, 466 U.S. at 687-88, 694; *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[19] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

[20] *Thomas v. State*, 467 A.2d 954, 957-958 (Del. 1983).

5

[alleged] illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had his Fourth Amendment rights infringed."[21] In the present case, Defendant is claiming the police needed a warrant or subpoena to obtain the hotel registry. However, the hotel registry was property of the Rodeway Inn, not the Defendant. The State produced the General Manager of the Rodeway Inn who testified at the trial and appears to have cooperated with the prosecution. In addition, on July 6, 2016, the State provided the defense with a "Business Records Certification for the Rodeway Inn".[22] The records were offered into evidence without objection from the defense and the General Manager testified that the document presented was the hotel's "in-house folio" kept as part of the registry duties.[23] He also testified to the arrival and departure dates of Defendant and that he interacted with Defendant several times in person as he came to pay for the room.[24] In light of this, I cannot ascertain any legal basis for Defendant to either object to the State's obtaining of the registry or to the introduction of the registry.

---

[21] *Thomas v. State*, 467 A.2d at 958, quoting *Raskas v. Illinois*, 439 U.S. 128, 133-34 (1978).

[22] D.I. # 8.

[23] *See* October 27, 2015 Trial Transcript at pgs. 90- 102.

[24] *Id.* at pgs. 92-93.

Mere allegations of ineffectiveness or conclusory statements will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[25] Furthermore, Trial Counsel will not be faulted for failing to file a suppression motion if there is no legal or factual basis to do so.[26] In this case, the General Manager testified to knowing Defendant, having interacted with him several times and his arrival and departure. During the first search, Defendant answered the door and gave consent to the search. Therefore, I see no prejudice to Defendant in the presentation of the registry and Defendant has not established ineffective assistance of counsel as to these issues.

In light of the analysis of Defendant's claims, it is my conclusion that all of the above claims are either barred or are unsupported by the record. Finally, Defendant has not argued that any of the exceptions to the bars to relief apply to his case to render the conviction invalid.[27]

---

[25] *Strickland*, 466 U.S. at 687-88, 694; *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

[26] *See State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[27] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i)-(ii).

## Motion for Appointment of Counsel

Defendant's Motion for Appointment of Counsel cites Super. Ct. Crim. R. 61(e)(2) as the basis for the relief requested. However, Defendant's reference to this subsection of the Rule is incorrect. Subpart (e)(2) provides that the court shall appoint counsel for a first timely postconviction motion if the judgment of conviction relates to a crime designated as a Class A, B, or C felony under 11 Del. C. §4205(b). Despite citing this language, Defendant ignores the fact that he was convicted of two Felony D charges and therefore does not fall within the purview of this subpart.

Rather, pursuant to Superior Court Criminal Rule 61(e)(4), counsel may be appointed in the present case if the motion sets forth a substantial claim that the movant received ineffective assistance of counsel, as well as a substantial claim that the movant is in custody in violation of his constitutional rights, and there are specific exceptional circumstances warranting the appointment of counsel. As set forth above, Defendant's arguments are wholly without merit and a thorough review of the record in this matter, both before the trial court and the Supreme Court, demonstrates Defendant's claim of ineffective assistance of counsel is without support nor is he held in violation of his rights. I have not identified any "exceptional circumstances" warranting the appointment of counsel, and as such, Defendant's Motion for Appointment of Counsel should be denied.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED and the Motion for Appointment of Counsel should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:   Prothonotary
cc:   Barzilai K. Axelrod, Esquire
       Derrick Carroll