# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                      |     |                        |
|----------------------|-----|------------------------|
| STATE OF DELAWARE,   | )   |                        |
|                      | )   |                        |
| Plaintiff,           | )   |                        |
|                      | )   |                        |
| V.                   | )   | Cr. ID No. 1409020082  |
|                      | )   |                        |
| ALLEN FAIR,          | )   |                        |
|                      | )   |                        |
| Defendant.           | )   |                        |
|                      | )   |                        |

Submitted: July 19, 2016
Decided: September 13, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

John S. Taylor, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Allen Fair, H.R. Young Correctional Institute, Wilmington, Delaware, *pro se*.

**MAYER,** Commissioner

This 13th day of September, 2016, upon consideration of Defendant's Motion for Postconviction Relief it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1.     On November 24, 2014, a grand jury indicted Defendant Allen Fair on the charges of Possession of a Firearm or Ammunition by a Person Prohibited having been convicted of a felony. The indictment stems from an incident which occurred on September 26, 2014, when Officer Ham of the Wilmington Police Department responded to shots fired in the area of Fifth and Washington Street and Fifth and West Street.[1] It was alleged that Defendant was involved in an altercation and fired shots. The next day, Officer Ham, along with other officers, went to an address listed for Defendant taken from his probation records, 417 West Street, and took him into custody. At the time, Defendant was standing on the second floor of the apartment building. The officers conducted a search of the apartment and found a loaded .38 revolver wrapped in a white sock on a shelf with several live rounds of ammunition and a spent round nearby. In addition, court paperwork with Defendant's name on it was also found in the apartment. During an interview with the police that was video-taped, Defendant later admitted that the gun belonged to him and accurately described the gun and its location.[2]

---

[1] Unless indicated otherwise, the facts herein were taken from *Fair v. State*, Delaware Supreme Court Case No. 317, 2015 (hereinafter "Fair at _").
[2] *Id.*

2

2.     On June 9, 2015, the case proceeded to a bench trial after Defendant stipulated to a waiver of a jury trial. At that time, the parties also entered into a Stipulation of Fact and agreed that on or about September 26th and September 27th of 2014, Defendant was a person prohibited by Delaware law from possessing, owning or controlling a deadly weapon as defined under 11 *Del. C.* §222 and prohibited from possessing, owning or controlling ammunition for a firearm.[3]

3.     Prior to the commencement of the trial, Defendant, with the assistance of counsel, presented a motion in limine and moved to suppress the video-taped statement to the police. Defendant argued that the statement should be excluded under Delaware Rule of Evidence 404(b) because he admitted that he fired the gun the night before he was arrested but the charge of discharging a firearm was not indicted.[4] The Court denied the motion in limine for the reasons stated on the record.

4.     During the trial, on cross-examination, Officer Ham testified that no fingerprint or DNA evidence was available for the gun and the police were unable to determine who owned the building at 417 West Street.[5] In addition, during cross-examination, counsel for Defendant questioned Officer Ham about Defendant's living arrangements and the witness testified that the Defendant had

---

[3] Defendant was previously convicted on July 28, 1998 of the charge of Possession with Intent to Deliver a Controlled Substance, Cr. ID No. 9410007339.

[4] Fair at p. 3; June 9, 2015 Trial Transcript, at pgs. 6-13 (hereinafter "Tr. at _____").

[5] Fair at p. 3.

an address of 32 Raven Turn.[6] Defense counsel also questioned the witness with respect to ownership of the apartment.[7] Further, Defendant's counsel cross-examined the witness as to whether Defendant appeared "drunk" during his interview with the police.[8] Defendant's counsel later agreed to the admissibility of the video-taped statement subject to the Court giving it the weight it deserves.[9] At the conclusion of the trial, the Defendant was found guilty of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited.[10]

5.     Defendant was thereafter sentenced on June 9, 2015, to ten years of Level 5 incarceration, suspended after three years for two years of Level 3 probation.

6.     On June 22, 2015, Defendant filed a notice of appeal.

7.     On July 14, 2015, Defendant submitted a letter to the Court regarding his mental health and treatment. In the letter, the Defendant states that the incident happened at his office and the gun was found in his secretary's apartment. Defendant also states that he rented the first floor apartment but had keys to both apartments. The letter was treated as a motion for postconviction relief and

---

[6] Tr. at pgs. 25-26.
[7] Tr. at pgs. 25-28.
[8] Tr. at pgs. 28-29.
[9] Tr. at pg. 38.
[10] Defendant also presented a Motion for Judgment of Acquittal on the ammunition charge that was denied.

Defendant was notified that the motion may not be filed until the record has been returned to this Court upon completion of the appeal.[11]

8. On November 9, 2015, the Supreme Court for the State of Delaware affirmed the trial court judgment in part.[12] The Supreme Court referenced the trial court proceedings, including the motion in limine, and noted that during the Court's colloquy with the Defendant, he expressed concern about the search of the apartment. The transcript reflects that counsel for Defendant had discussed the search and a possible motion to suppress with the Defendant but decided that there was no good faith basis for the motion because the Defendant was identified as the person who fired the gun, he was on probation, and the 417 West Street address appeared in his probation record.[13]

9. The Supreme Court summarized the issues on appeal as follows: "(i) police officers did not have a warrant to search 417 West Street; and (ii) there was insufficient evidence to support his convictions because there was no fingerprint or DNA evidence tying him to the gun, there was no proof that he lived at 417 West Street, and the gun was found in someone else's apartment and did not belong to him."[14] The Supreme Court held that (1) the search was valid and if the Defendant had no relationship with the apartment where the gun was found as he claimed,

---

[11] *See* Super. Ct. Crim. R. 61(b)(4).
[12] Case No. 317,2015, ID 58217851.
[13] Fair at p. 4; Tr. at pgs. 42-45. Defendant was also given the opportunity to testify in his defense to address the issue of the search but declined the opportunity. *Id.* at 45.
[14] Fair at p. 4.

5

then he lacked standing to contest the search; and (2) there was more than sufficient evidence for a rational trier of fact to convict the Defendant of the charges presented. The Supreme Court further stated that it was "satisfied that Fair's counsel has made a conscientious effort to examine the record and the law and has properly determined that Fair could not raise a meritorious claim in this appeal."[15]

10.    On December 7, 2015, Defendant, appearing *pro se*, filed the instant Motion for Postconviction Relief. Defendant raises ineffective assistance of counsel as his basis for relief. However, the basis for the motion is Defendant's argument that his trial counsel, Mr. Joseph Leager, failed to suppress evidence. In summary, Defendant argues that (1) trial counsel questioned the officer who testified that there were no fingerprints or DNA on the weapon or ammunition but did not move to suppress this evidence; (2) trial counsel failed to suppress a search of an apartment unit that Defendant asserts belonged to a third-party and was not leased by him; and (3) Defendant was under the influence of alcohol at the time he was questioned and did not know he was being recorded, and trial counsel should have obtained an expert to view the video to support his defense.

---

[15] Fair at p. 6.

6

11. The record was enlarged and the Court received an Affidavit in Response from Defendant's trial counsel, Joseph M. Leager, Jr., as well as a response from the State.

12. Mr. Leager attests that he had no good faith basis to file a suppression motion based on counsel's review of the evidence and relevant search and seizure law. Mr. Leager also responds that he challenged the video pre-trial by way of a motion in limine on both voluntariness grounds and credibility and felt there was no good faith basis to believe an expert would opine that the interview was involuntary or that Defendant was prompted to make a false confession.

13. As to the first and second claims, the State argues that the warrantless administrative search was supported by reasonable suspicion[16] or the Defendant lacks standing.[17] As to the third claim, the State argues that prior to trial, Defendant's counsel reasonably attempted to exclude the videotaped confession through a motion in limine that challenged the taped confession on the grounds of voluntariness and credibility and counsel's tactical decision not to hire an expert was reasonable.[18]

14. On April 5, 2016, Defendant submitted a letter responding to Mr. Leager's Affidavit. Defendant referred the Court to a letter he submitted last year with

---

[16] A search will be upheld where the totality of the circumstances indicates that the officer had a particularized and objective basis for suspecting legal wrongdoing. *Sierra v. State*, 958 A.2d 825 828 (Del. 2008).

[17] *Thomas v. State*, 467 A.2d 954, 958 (Del. 1983).

[18] *Jackson v. State*, 770 A.2d 506, 513 (Del. 2001).

respect to his appeal. Defendant also filed his reply in support of his Rule 61 motion on July 11, 2016.

## ANALYSIS OF DEFENDANT'S RULE 61 MOTION

15. Pursuant to Superior Court Criminal Rule 61(d)(5) the motion may be summarily dismissed because it plainly appears from the record in the case that the movant is not entitled to relief. Defendant's motion is procedurally barred for several reasons. As such, the Court should not consider the merits of the claim. [19]

16. Defendant is attempting to restate and recouch the issues raised at trial and on appeal as ineffective assistance of counsel contentions. The Court is not required to re-examine claims that were already adjudicated on the merits simply because the claim is now being presented as a claim for ineffective assistance of counsel unless it is in the interest of justice to do so.[20] Defendant raises three arguments in his motion; two of the arguments present a claim for ineffective assistance of counsel for failing to move to suppress evidence from the search and the third raises ineffective assistance of counsel for failure to retain an expert with respect to the video-taped statement. The Superior Court has already held, and the Supreme Court has already affirmed, that the search was lawful. Defendant's

---

[19] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990); *Paul v. State*, 2011 WL 3585623 at *1 (Del. Aug. 15, 2011), ("Delaware law provides that the Superior Court must first consider whether the defendant has satisfied the procedural requirements of Rule 61 before considering the merits of his postconviction motion.")

[20] *Johnson v. State*, 1992 WL 183069, at *1 (Del. 1992); *Duhadaway v. State*, 877 A.2d 52 (Del. 2005).

8

claims again challenging the legality of the search are now procedurally barred by Rule 61(i)(4) as previously adjudicated.

17. Defendant's first two arguments presented in the motion are barred by Superior Court Criminal Rule 61(i)(4) which provides that "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred." Defendant's attempt to restate his first two arguments as a claim for ineffective assistance of counsel does not warrant reconsideration. These issues were addressed both by this Court and by the Supreme Court on appeal and are now barred.

18. Defendant's third argument is barred by Superior Court Criminal Rule 61(i)(3), which provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, is thereafter barred unless the movant shows (A) cause for relief from the procedural default and (B) prejudice from violation of the movant's rights. In the present case, Defendant was afforded the opportunity to raise the issue of retention of an expert and to testify on his own behalf with respect to the claim of intoxication during the interview. Indeed, Defendant's counsel filed a motion in limine and attempted to exclude the video-

9

taped confession on several bases.[21] Defendant having not raised the issue of an "expert" below is now procedurally barred from presenting it here.

19.    The bars set forth in Rule 61(i)(3) and (4) however will not apply to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[22]

20.    Defendant has failed to meet the pleading requirements for proceeding with the subject motion and therefore, the motion should be summarily dismissed for these reasons as well. Superior Court Criminal Rule 61(d)(2)(i)-(ii) provides that a motion under this rule shall be summarily dismissed unless the movant was convicted after a trial and the motion either (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and render the conviction or death sentence invalid. Although Defendant was convicted after a bench trial, he has not pled any new evidence or facts demonstrating any inference that he is innocent of

---

[21] To the extent the legal issue was presented below by way of the motion in limine, it may likewise be barred pursuant to Super. Ct. Crim. R. 61(i)(4). *See also, Kirk v. State*, 763 A.2d 91 (Del. 2000) (denying motion for postconviction relief on grounds that claims that videotaped statement to police should have been suppressed was raised and resolved against defendant on direct appeal and is therefore barred as formerly adjudicated).

[22] Super. Ct. Crim. R. 61(i)(5).

the acts giving rise to the conviction. In fact the evidence presented by Defendant is the same evidence and arguments presented to the trial court as well as to the Supreme Court on appeal. Further, Defendant has not asserted that a new rule of constitutional law affects his conviction. As such, Defendant has failed to meet the pleading requirements of Rule 61(d)(2)(i)-(ii).

21. Defendant has not established any prejudice to his rights and/or cause for relief. Defendant had time and opportunity to raise any issue on direct appeal and was afforded a full and fair opportunity for consideration of the issues presented in the motion during trial as well as on appeal.

22. Defendant merely re-couched his claims previously raised and adjudicated, as ineffective assistance of counsel claims. Even if considered anew, Defendant's claims of ineffective assistance of counsel should be denied.[23] Defendant claims that his trial counsel was ineffective for not seeking the suppression of the search and the videotaped statement. In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and that but for the errors, there is a reasonable probability that the outcome of the proceedings would have been

---

[23] *See, Malin v. State*, 2009 WL 537060, at *5 (Del. Super. 2009) (ineffective assistance of counsel claims are not procedurally barred because a Rule 61 motion is the appropriate vehicle for raising these claims).

11

different.[24] Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[25]

23.    During the proceedings, there was a colloquy with the Court whereby Defendant discussed the search and a possible motion to suppress the evidence obtained. However, Defendant's counsel indicated there was no good faith basis for the motion because the Defendant was identified as the person who fired the gun, he was on probation, and the 417 West Street address appeared in his probation record.[26] Counsel for Defendant cross-examined Officer Ham regarding the Defendant's address, connections to the location searched and attempted to create reasonable doubt as to the validity of the charge. Counsel also raised the issue in closing arguments including the argument that there was no DNA or forensics to support the charge.[27]

24.    In addition to the above, prior to the start of the trial, the Defendant's counsel presented a motion in limine and attempted to exclude the video-taped statement. Although the videotape was admitted into evidence, the Court agreed to give it the weight it deserves. During the course of the trial, defense counsel cross-examined Officer Ham at which point the witness denied that Defendant appeared

---

[24] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[25] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

[26] Fair at p. 4; Tr. at pgs. 42-45. Defendant was also given the opportunity to testify in his defense to address the issue of the search but declined the opportunity. *Id.* at 45.

[27] Tr. at pgs. 47-49.

drunk, and testified that he did not smell liquor on the Defendant at the time of the interview.[28]

25. The Defendant was provided an opportunity to testify on his own behalf to contradict the witness's testimony but elected not to do so.[29] Defendant's trial counsel also emphatically argued, during closing, that the Defendant was "highly intoxicated" at the time of the interview and attempted to raise a factual question as to whether or not his admissions were true in order to create reasonable doubt as to the believability of same.[30] The Court's ruling referred to the witness's testimony, the stipulation of fact and the exhibits presented and found "[t]here is no evidence that there was intoxication or impairment at the time of the interview."[31] Finally, in the Affidavit of Defendant's Counsel, Mr. Leager explained that he challenged the video by motion and there appeared no good faith basis to believe any expert would opine that the interview was involuntary.

26. Trial counsel cannot be deemed ineffective for failing to pursue motions that lack merit. Both the trial court and the Supreme Court have held that the search was valid. The Supreme Court further stated that it was "satisfied that Fair's counsel has made a conscientious effort to examine the record and the law and has

---

[28] Tr. at pgs. 28-29.
[29] Tr. at pgs. 41-45.
[30] Tr. at pgs. 47-49.
[31] Tr. at pgs. 51-52.

13

properly determined that Fair could not raise a meritorious claim in this appeal."[32] Moreover, great weight and deference are given to tactical decisions by the trial attorney.[33] In consideration of the facts and circumstances herein, Defendant has failed to offer any basis for reconsideration of the claims or that the outcome of the proceedings would have been different if counsel had moved to suppress the evidence or retained an expert. Defendant has failed to rebut the presumption of reasonable professional conduct under the circumstances.

For all the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:  Prothonotary
cc:  John S. Taylor, Esquire
     Allen Fair

---

[32] Fair at p. 6.
[33] *State v.Miller*, 2013 WL 871320 at *4 (Del. Super. Feb. 26, 2013).