# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Cr. ID No. 1508018505 |
| | ) | |
| TIMOTHY OUTLAW, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: April 26, 2017
Decided: May 19, 2017

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Barzilai K. Axelrod, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Timothy Outlaw, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

**MAYER,** Commissioner

This 19th day of May, 2017, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. On September 28, 2015, Timothy Outlaw, Defendant, was indicted on the charges of Robbery First Degree, Possession of a Firearm During the Commission of a Felony, Conspiracy Second Degree, Aggravated Menacing, Possession Own or Control of a Firearm by a Person Prohibited (2 counts), Possession Own or Control of Ammunition by a Person Prohibited (2 counts), Drug Dealing, Aggravated Possession, and Possession of a Firearm by a Person Prohibited ("PFBPP") (2 counts).

2. On February 29, 2016, Defendant signed a Plea Agreement and Truth in Sentencing Guilty Plea Form (the "TIS Form"). Defendant indicated he was satisfied with his counsel's representation and that he was freely and voluntarily pleading guilty to the charges listed. Defendant also recognized that he was waiving certain rights including the right to a trial, to be presumed innocent until the State can prove each and every part of the charges beyond a reasonable doubt, to confront witnesses against him, and to present evidence in his defense. On the TIS Form, the Robbery First charge was shown to have a minimum mandatory sentence of five years, and the PFBPP charge was noted to have a ten year minimum mandatory sentence.

1

3. Through the Plea Agreement, Defendant agreed to plead guilty to the charges of Robbery First Degree, Conspiracy Second Degree, PFBPP and Drug Dealing. The plea also included a violation of probation for drug dealing. All remaining charges were dismissed. Although the agreement recognized that Defendant was habitual offender eligible, the plea included a non-habitual sentence recommendation. The Plea Agreement also provided that the parties would recommend sentencing to include "15 years Level V, suspended after 5 years (minimum/mandatory)..." for the Robbery First charge and "15 years Level V, suspended after 10 years Level V (min/mand)..." for the PFBPP charge.

4. The Court held a plea hearing on February 29, 2016 at which time the Court engaged in a detailed colloquy with the Defendant. Defendant acknowledged the possible sentence as well as the waiver of his rights and after each charge was read in detail, admitted he committed the acts and entered a guilty plea. Notably, at the plea hearing, the Court inquired, and Defendant confirmed, that he had the opportunity to discuss the evidence and any defenses with his counsel as well as ask him any questions, that he fully understood the plea process, and that he was satisfied with counsel's representation.[1]

5. Defendant was later sentenced on May 20, 2016. For the Robbery First charge, Defendant received 25 years at supervision Level 5 suspended after 5 years

---

[1] February 29, 2016 Plea Hearing Transcript at p.17-18 (hereinafter "Tr. at ___").

(the minimum mandatory) at Level 5, followed by decreasing levels of supervision. With respect to the PFBPP charge, Defendant was sentenced to 15 years at Level 5 suspended after 10 years (the minimum mandatory). Defendant received additional time for the other charges, but all other Level 5 time was suspended for probation at decreasing levels.

6. Since then, the Court has addressed Defendant's sentencing on at least two occasions. Defendant filed a Motion for Sentence Reduction and/or Modification that was denied on October 19, 2016.[2] In his motion for sentence reduction, Defendant argued that the Court should remove the 5 years for the Robbery First charge that he "didn't commit" and take some time off for the guns that he "didn't possess." Defendant also argued that he had inadequate representation at the time the plea was taken and that there was insufficient evidence to convict him of the crimes he pled guilty to. The Court held that Defendant's plea was knowing, intelligent and voluntary; that Defendant had discussed the evidence in his case with his attorney; that Defendant indicated he was satisfied with his attorney's representation during the criminal matter; the Court had a right to rely on Defendant's statements at his plea hearing and at sentencing; and Defendant failed to acknowledge the State's video surveillance that placed him at the scene of the Robbery First.

---

[2] D.I. # 24, 25.

3

7.     Defendant also informally wrote to the Court and argued for a sentence modification, which was denied by Court letter dated January 12, 2017.[3] Through that letter, the Court addressed Defendant's argument that he believed he would be sentenced to no more than 8.5 years at Level 5 rather than the 15 years that he received. The Court reminded Defendant that the Robbery First charge carried a minimum mandatory of 5 years and the PFBPP charge required a minimum mandatory of 10 years. All of this was made known to Defendant when he signed the Plea Agreement and TIS Form.

8.     Defendant's Motion for Postconviction Relief raises several grounds that include multiple subparts, and at times, repetitive arguments. In summary, Defendant argues (i) trial counsel was ineffective for failing to challenge the search of his grandmother's home, investigating his ankle monitor, and failing to file "motions" early in the case; (ii) that he was unlawfully detained and questioned at his home and the station for more than two hours and the search warrant relied on false information; (iii) the evidence proves he is innocent and the police officer perjured himself; and (iv) his attorney told him 8 years was the minimum mandatory, and the plea agreement says the same, but his inmate sheet says 15 years.

---

[3]  D.I. # 26, 27.

## ANALYSIS OF DEFENDANT'S RULE 61 MOTION

9. Defendant's Motion raises a number of claims. The Court must first determine whether there are any procedural bars to the motion before considering the merits.[4] This is Defendant's first motion for postconviction relief and it was timely filed pursuant to Superior Court Criminal Rule 61.

10. Several of Defendant's arguments though are barred by Superior Court Criminal Rule 61(i)(3), which provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, is thereafter barred unless the movant shows (A) cause for relief from the procedural default and (B) prejudice from a violation of the movant's rights. Specifically, Defendant's arguments that (i) he was unlawfully detained and questioned; (ii) that the evidence proves he is innocent; (iii) that the police officer perjured himself[5]; (iv) the search warrant was invalid; and/or (v) the witnesses' identification was insufficient – were all waived when Defendant entered into the plea. By pleading guilty, Defendant waived the right to challenge the State's evidence.[6] A "properly entered plea of guilty, such as the plea entered here, constitutes a waiver of all errors or defects occurring before the plea, except a lack of subject matter

---

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[5] There is no evidence to support this argument. Defendant's references to the Preliminary Hearing testimony are taken out of context and misinterpreted.

[6] *State v. Matthews*, 2016 WL 354875 (Del. Super. Jan. 27, 2016) (denying motion for postconviction relief when defendant pled guilty and later attacked lack of chemical test report).

jurisdiction."[7] Defendant having not raised these issues prior to his guilty plea and sentencing is now procedurally barred from presenting them here.

11. The bar set forth in Rule 61(i)(3) however will not apply to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of Rule 61.[8] Defendant has failed to meet the exception for proceeding with these arguments. Superior Court Criminal Rule 61(d)(2)(i)-(ii) provides that a motion under this rule shall be summarily dismissed unless the movant was convicted after a trial and the motion either (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and render the conviction or death sentence invalid. Defendant has not pled any *new* evidence or facts demonstrating any inference that he is innocent of the acts giving rise to the conviction. Rather, the evidence and arguments

---

[7] *Mumford v. State*, 2000 WL 431600, at *1 (Del. Apr. 6, 2000). *See also, Powell v. State*, 2010 WL 572129, at *2 (Del. Feb. 18, 2010) (defendant was bound by his statements when pleading guilty and the court would not consider allegations of errors that occurred prior to the entry of his plea).

[8] Superior Ct. Crim. R. 61(i)(5).

presented by Defendant were available prior to his plea.[9] Further, Defendant has not asserted that a new rule of constitutional law affects his conviction or that the court lacked jurisdiction. As such, Defendant has failed to meet the pleading requirements of Rule 61(d)(2)(i)-(ii).

12. Defendant has also not established any prejudice to his rights and/or cause for relief. Defendant had time and opportunity to consider, weigh and challenge any of these issues before the trial court, at a jury trial or on appeal and was afforded a full and fair opportunity for consideration of these issues. Defendant chose to enter into a knowing, intelligent and voluntary plea. Defendant has therefore waived the right to challenge these issues now.

13. With respect to Defendant's argument that his attorney led him to believe 8 years was the minimum mandatory, this position is directly contradicted by a wealth of documentation in the record. The Plea Agreement, TIS Form and Plea Transcript,[10] as well as the Court's January 2017 Letter, all clearly indicate a 5 year minimum mandatory for the Robbery First charge and a 10 year minimum mandatory for the PFBPP charge. There is nothing in the record to indicate otherwise.[11] Therefore, this argument is wholly without merit.[12]

---

[9] The Court addressed these same arguments in the October 2016 Order as well.

[10] Tr. at 4, 7, 14-16.

[11] In fact, at the Plea hearing, the Court specifically asked "So you understand that by entering this guilty plea, your total sentencing exposure is not less than 15 years. Do you understand that,

7

14. Finally, in order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[13] When a defendant has plead guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have plead guilty and would have insisted on going to trial.[14] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[15] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[16] Great weight and

---

sir?" Defendant responded "Yes." The Court went further and asked, "That means that no matter what anybody asks for at sentencing, the Court, by law, must sentence you to at least 15 years. You understand that?" Again, Defendant responded, "Yes." Tr. at 15-16. The Court then inquired a third time: "So you understand that at your time of your sentencing, no matter what Mr. Weiler asks for, no matter what the State asks for, the Court must give you no less than 15 years and may give you up to 65 years. Do you understand that, sir?" And Defendant once again responded "Yes." Tr. at 16-17.

[12] The Court is not bound by the State's recommendation, and there is no right to enter into a plea agreement for a specific sentence or range of sentence. *Somerville v. State*, 703 A.2d 629, 632-633 (Del. 1997); Superior Court Criminal Rule 11(e).

[13] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[14] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[15] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

[16] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

8

deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[17]

15. Defendant implies that his plea was coerced and counsel was ineffective generally for failing to challenge the search warrant of his grandmother's home and the sufficiency of the evidence/witness testimony, not investigating his ankle monitor, and by not filing "motions" early in the case. The Court engaged in a detailed colloquy with Defendant, read the facts supporting each charge and Defendant admitted the acts and pled guilty. A defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful and Defendant here is bound by his statements to the Court.[18] Defendant has provided no basis to deviate from the Court's decision to accept the plea and has offered no facts or circumstances to support coercion.[19] Defendant is now bound by his answers and has failed to offer clear and convincing evidence that his guilty plea was coerced.[20]

---

[17] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[18] *See also, Brown v. State*, 108 A.3d 1201 (2015) (affirming denial of request for new trial on the basis that defendant pled guilty and gave up his right to trial and contest evidence).

[19] *Windsor v. State*, 2015 WL 5679751 , at *3 (Del., Sept. 25, 2015) (holding that absent clear and convincing evidence to the contrary, defendant is bound by his sworn statements).

[20] *State v. Brown*, 2010 WL 8250799, at *3 (Del. Super., Apr. 14, 2010), citing, *Somerville v. State*, 703 A.2d 629 (Del. 1997).

16. Although Defense counsel has a general duty to investigate potentially exculpatory evidence, counsel is not required to pursue all lines of investigation.[21] Defendant must therefore show that if defense counsel had pursued the investigation then there is a likelihood that the additional effort by counsel would have led to a change in counsel's recommendation as to the plea.[22] Here, it is unlikely a further investigation into the ankle bracelet would have changed the outcome. The record reflects that there was video surveillance tying Defendant to the Robbery First and the victim's belongings were found at his house. And although Defendant believes the search warrant was problematic, Defendant has not articulated a legal basis by which counsel could have moved to suppress the search.[23] Thus, although Defendant believes counsel was ineffective for failing to pursue various options, Defendant has failed to offer any real basis for the Court to believe that such motions had merit or would have changed the outcome of the proceedings.

17. Last, although Defendant believes certain motions should have been filed, he presents nothing more than a general assertion that certain arguments/motions

---

[21] *Alston v. State*, 2015 WL 5297709, at *2 (Del. Sept. 4, 2015).

[22] *Id.* at *3.

[23] It is questionable whether Defendant had standing to challenge the search. In his papers he argues the home belonged to his grandmother. *See e.g., Rakas v. Illinois*, 439 U.S. 128 (1978); *Thomas v. State*, 467 A.2d 954 (Del. 1983); *State v. Rossitto*, 1998 WL 97863 (Del. Super. Sept. 9, 1988).

should have been pursued but fails to provide any additional details in support. Absent concrete allegations of actual prejudice, trial counsel will not be deemed ineffective for failing to pursue meritless motions.[24]

18.    Defendant has also failed to establish any prejudice arising from Counsel's representation.  In this case, the plea provided Defendant with a clear benefit – not being declared a habitual offender and a sentence substantially less than what could have been imposed.   In consideration of the totality of the facts and circumstances herein, Defendant has failed to rebut the presumption of reasonable professional conduct under the circumstances as well as the second prong requiring Defendant to demonstrate actual prejudice.

For all the foregoing reasons, Defendant's Motion for Postconviction Relief should be **DENIED.**

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:    Prothonotary
cc:    Barzilai K. Axelrod, Esquire
       Timothy D. Outlaw

---

[24] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).  The Court also addressed the issue of sufficiency of counsel at the Plea hearing as well as in the Court's October 2016 decision.