**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1502008739 |
| | ) | |
| | ) | |
| DERRICK CARROLL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 21, 2018
Decided: January 15, 2019

**COMMISSIONER'S REPORT AND RECOMMENDATION
THAT DEFENDANT'S MOTION FOR POSTCONVICTION
RELIEF SHOULD BE DENIED AND THE MOTION TO WITHDRAW
SHOULD BE GRANTED**

Barzilai K. Axelrod, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Patrick J. Collins, Esquire, Collins & Associates, Wilmington, Delaware.

Derrick Carroll, James T. Vaughn Correctional Center, Smyrna, Delaware.

**MAYER,** Commissioner

This 15th day of January, 2019, upon consideration of Defendant's Motion for Postconviction Relief and the Motion to Withdraw as Counsel, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

Derrick Carroll ("Defendant") was convicted of Possession of a Firearm by a Person Prohibited ("PFBPP") and Possession of Ammunition by a Person Prohibited ("PABPP"). The charges stem from searches of Defendant's hotel room at the Rodeway Inn on February 12, 2015 and February 13, 2015.[1] During the second search, officers located a revolver in a suitcase (that was later identified as belonging to Defendant), and a black bag containing ammunition (that was on the bed which was confirmed by Defendant to be the bed he had been using). Defendant vigorously contested the charges at trial and on appeal. The trial court denied a Motion for Judgment of Acquittal,[2] the jury entered a verdict of guilty on these charges,[3] and the Supreme Court affirmed the conviction.[4] In February of 2018, Defendant filed

---

[1] The facts set forth herein were taken from the decision of the Supreme Court of Delaware, Case No. 198, 2016, Filing ID 60390302, dated March 27, 2017, and also found at D.I. # 43 in this case.

[2] D.I. # 20.

[3] *Id.*

[4] D.I. # 43. This Court also denied Defendant's Petition for a Writ of Habeas Corpus. *See* D.I. # 28.

1

a *pro se* Motion for Postconviction Relief and a Motion for Appointment of Counsel. The motions were referred to the undersigned and a Report and Recommendation (the "Report") was issued in March 2018 recommending that both motions be denied.[5] Defendant wrote to the Court and clarified that he had been convicted of a Class C Felony, not a Class D Felony. In response, the undersigned vacated the Report and appointed counsel to represent Defendant to pursue any and all meritorious claims for postconviction relief.[6]

On November 21, 2018, appointed counsel filed a Motion to Withdraw.[7] According to the cover letter accompanying the motion, Defendant was provided 30 days to file a response to the motion. Defendant did not formally file a response, nor did he provide appointed counsel with a response. After reviewing the record before the Court and in consideration of the arguments originally presented by Defendant, and counsel's Motion to Withdraw, no further briefing is necessary.

**Defendant's Motion for Postconviction Relief**

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[8] Defendant's first motion,

---

[5] D.I. # 49.

[6] D.I. # 51, 52.

[7] D.I. # 61.

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

2

having been filed within one year of the Supreme Court's Mandate on direct appeal, is timely.[9] However, pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. Ineffective assistance of counsel claims cannot be raised at any earlier stage in the proceedings and are properly presented by way of a motion for postconviction relief.[10]

Defendant's original motion asserted four bases for relief including: (1) Police officers violated his Fourth Amendment rights when they requested hotel registries without a warrant or subpoena; (2) trial counsel failed to move for a suppression hearing; (3) video surveillance of the hotel "Rodeway Inn" was not produced; and (4) violation of Defendant's right to a speedy trial.

Defendant's claim regarding the video surveillance can be easily dismissed. The record clearly demonstrates that on June 30, 2015, as part of an ongoing discovery production, the State produced 1 CD containing the "Rodeway Inn

---

[9] Super. Ct. Crim. R. 61(m)(2) and Super. Ct. Crim. R. 61(i)(1).

[10] *Whittle v. State*, 2016 WL 2585904, at \*3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at \*2 (Del. Super. Aug. 25, 2016).

3

Surveillance Video."[11] Therefore, the video surveillance was in fact produced to the defense, and if not, Defendant's argument was waived when not raised in the trial proceedings.

With respect to Defendant's claim that his right to a speedy trial was violated, this claim was already adjudicated and/or was waived. First, the record reflects that the case was accepted by the Superior Court on March 18, 2015 after Defendant was arrested on March 10, 2015.[12] Defendant filed a Motion to Dismiss on May 12, 2015.[13] That motion was passed because the case was to be presented to the Grand Jury around that time. On June 22, 2015, the Indictment was issued.[14] The Motion to Dismiss was then ruled "moot" in light of the Indictment.[15] Defendant did not challenge the ruling either through the trial court process or on appeal. As a result, this claim was not only already adjudicated and is therefore barred by Super. Ct. Crim. R. 61(i)(4) but this claim was also waived for having not been presented on appeal.

---

[11] *See* D.I. # 7.

[12] D.I. # 1.

[13] D.I. # 3.

[14] D.I. # 6.

[15] D.I. # 4.

4

Defendant's remaining two arguments appear intertwined. Although Defendant provides no explanation for his claim that trial counsel should have pursued a suppression hearing, presumably this claim is tied to his first argument that his rights were violated when the hotel registry was offered into evidence without a warrant or subpoena.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[16] When reviewing such a claim, the Court must analyze counsel's conduct based upon all of the facts of the case and avoid peering through the lens of hindsight.[17] Defendant must show that any alleged errors were so serious that his counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.[18] "A defense attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[19] Great weight and deference are given to tactical decisions

---

[16] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[17] *State v. Wright*, 653 A.2d 288, 295 (Del. Super., 1994).

[18] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012).

[19] *State v. Finn*, 2012 WL 1980566, at *4 (Del. Super., May 23, 2012) (holding defense counsel provided active and capable advocacy when evidence against

5

by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[20] Further, in order to prevail on an ineffective assistance of counsel claim, a defendant must show that but for the errors, there is a reasonable probability that the outcome of the proceedings would have been different.[21] Defendant must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[22]

A defendant may only assert a violation of his Fourth Amendment rights if he has standing to protest the evidence presented and only if he can claim a possessory or proprietary interest in the area searched.[23] "A person who is aggrieved by an [alleged] illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had his Fourth Amendment rights infringed."[24] In the present case, Defendant is claiming

---

Defendant was overwhelming) (citing *Harrington v. Richter*, 131 S.Ct. 770, 787-792 (2011)).

[20] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[21] *Strickland*, 466 U.S. at 687-88, 694; *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[22] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

[23] *Thomas v. State*, 467 A.2d 954, 957-958 (Del. 1983).

[24] *Thomas v. State*, 467 A.2d at 958, quoting *Raskas v. Illinois*, 439 U.S. 128, 133-34 (1978).

the police needed a warrant or subpoena to obtain the hotel registry. However, the hotel registry was property of the Rodeway Inn, not the Defendant.[25] The State produced the General Manager of the Rodeway Inn who testified at the trial and appears to have cooperated with the prosecution. In addition, on July 6, 2016, the State provided the defense with a "Business Records Certification for the Rodeway Inn."[26] The records were offered into evidence without objection from the defense and the General Manager testified that the document presented was the hotel's "in-house folio" kept as part of the registry duties.[27] He also testified to the arrival and departure dates of Defendant and that he interacted with Defendant several times in person as he came to pay for the room.[28] In light of this, I cannot ascertain any legal basis for Defendant to either object to the State's obtaining of the registry or to the introduction of the registry.

Mere allegations of ineffectiveness or conclusory statements will not suffice; instead, a defendant must make and substantiate concrete allegations of actual

---

[25] Defendant cites *City of Los Angeles v. Patel*, 135 S. Ct. 2443 (2015) in support of his argument that his Fourth Amendment rights were violated. However, in this case, the United States Supreme Court affirmed the lower court's decision which held that business records are private property of the hotel.

[26] D.I. # 8.

[27] *See* October 27, 2015 Trial Transcript at pgs. 90-102.

[28] *Id.* at pgs. 92-93.

7

prejudice.[29] Furthermore, Trial Counsel will not be faulted for failing to file a suppression motion if there is no legal or factual basis to do so.[30] Here, the General Manager testified to knowing Defendant, having interacted with him several times and knowing his arrival and departure. During the first search, Defendant answered the door and gave consent to the search. Therefore, I see no error by trial counsel or prejudice to Defendant with the presentation of the registry. Defendant has not established ineffective assistance of counsel as to these issues.

In light of the analysis of Defendant's claims, it is my conclusion that all of the above claims are either barred or are unsupported by the record. Finally, Defendant has not argued that any of the exceptions to the bars to relief apply to his case to render the conviction invalid.[31]

**Motion to Withdraw as Counsel**

According to the motion, counsel considered the claims presented by Defendant and he "cannot ethically advocate any of them within the meaning of Rule 61(e)(6)." Counsel cited this Court's reasoning set forth in the initial Report. Counsel noted that he could not find a nonfrivolous basis to move to suppress the

---

[29] *Strickland*, 466 U.S. at 687-88, 694; *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

[30] *See State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[31] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i)-(ii).

search warrant and he believes Defendant received effective representation throughout his case.

I am satisfied that appointed counsel has made a conscientious examination of the record and law for claims that may be pursued on behalf of Defendant and has properly determined that Defendant lacks a meritorious claim for post-conviction relief.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED and the Motion to Withdraw should be GRANTED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:   Prothonotary
cc:   Barzilai K. Axelrod, Esquire
       Patrick Collins, Esquire
       Derrick Carroll